FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 OCT -9 PM 2: 38

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Rebecca Umel, formerly known as Rebecca Davis,

Plaintiff,

v.

Accelerated Receivables Management Inc.,

Defendant.

3:14-CV-1231-J-20JRK

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT

JURY DEMAND ENDORSED HEREIN

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act, ("FDCPA").

2. Pursuant to 28 U.S.C. §1391, venue is proper because a substantial part of the events that gave rise to this claim occurred in this District and Defendant resides in this District.

## PARTIES

3. Plaintiff, Rebecca Umel, formerly known as Rebecca Davis, ("Rebecca"), is a natural person who resided in Pine Hills, Florida, at all times relevant to this action.

4. Defendant, Accelerated Receivables Management Inc. ("ARM"), is a Florida Corporation with a principal place of business in Jacksonville, FL.

5. ARM is a "debt collector" as defined by the FDCPA because it is a third-party collection agency handling consumer accounts.

6. Rebecca is a "consumer" as defined by the FDCPA because ARM sought to collect a personal medical-related debt from her.

## COUNT ONE
### Violation of the Fair Debt Collection Practices Act Section 1692g

7.  ARM sent Rebecca a collection letter dated March 27, 2014.

8.  This letter was an initial communication to Rebecca.

9.  ARM was required to comply with Section 1692g when sending an initial communication to Rebecca.

10. ARM was required to provide a notice of rights as required by Section 1692g and was prohibited from including language that "overshadowed" or contradicted the notice of rights.

11. The subject collection letter stated, "Establishment of a payment arrangement will cease further collection activity and could possibly prevent this from further affecting your credit".

12. This language overshadowed the notice of rights required by Section 1692g because ARM was required to cease collection activity if a consumer demanded validation of the debt until ARM provided validation of the debt.

## COUNT TWO
### Violation of the Fair Debt Collection Practices Act Section 1692d

13. Accelerated Receivables Management initiated contact with Rebecca on or around March 27th, 2014.

14. On or around April 2nd, Rebecca communicated that she did not want calls from Defendant.

15. Unfortunately, Rebecca still received calls up until April 15th, 2014.

16. Defendant violated the FDCPA by continuing to call Rebecca after Defendant knew not to call Plaintiff. See *Brandt v. I.C. System, Inc.*, 2010 U.S. Dist. LEXIS 14588 (M.D. Fla. Feb. 19, 2010); *Stuart v. AR Resources, Inc.*, 2011 U.S. Dist. LEXIS 27025 (E.D. Penn. Mar. 16, 2011); *Shand-Pistilli v. Professional Account Servs, Inc.*, 2010 U.S. Dist LEXIS 75056 (E.D. Penn July 26, 2010); *Prewitt v. Wolpoff & Abramson, LLP*, 2007 WL 841778 at *3 (W.D.

N.Y. 3/19/07) and *Little v. Portfolio Recovery Associates, LLC*, 2014 U.S. Dist. LEXIS

49658 (D. Kan. Apr. 10, 2014)

17. The collector used a rude tone with Rebecca and went to the extent of calling her a liar.

18. Abusive language under the FDCPA includes calling a consumer a liar. See *Chiverton v.*

*Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96, 101 (D. Conn. 2005) (quoting Federal Trade

Commission, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg.

50097, 50105 (1988)).

19. Rebecca felt anxious, nervous and upset as a result of Defendant's conduct.

## COUNT THREE
### Violation of the Fair Debt Collection Practices Act Section 1692f

20. During conversation with Rebecca, the collector also threatened to take legal action against

Rebecca.

21. ARM has not taken legal action against her.

22. ARM did not intend to take legal action against her.

23. ARM made this false threat in order to scare and intimidate Rebecca.

24. ARM violated the FDCPA when making a false litigation threat. See *Jeter v. Credit Bureau,*

*Inc.* 760 F.2d 1168, 1172 (11th Cir. 1985).

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and

       reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA, Of Counsel


By:___/s/ John Murrary
One of Plaintiff's Attorneys

2655 Lejeune Road PH1-D
Coral Gables, FL 33134
Tel: (305) 779-4818
jmurray640@gmail.com